IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ROCKY MORRIS WHITE, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 16-1094-JDT-egb |
| | ) | Crim. No. 02-10069-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On June 27, 2003, Rocky Morris White was convicted by a jury on one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 02-10069, Crim. ECF Nos. 40 & 44.) At the original sentencing hearing this Court determined, based on his prior convictions for aggravated burglary, that White qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 260-month term of imprisonment and a three-year term of supervised release. (No. 02-10069, Crim. ECF Nos. 53, 54 & 60.) The Sixth Circuit affirmed on appeal. *United States v. White*, 131 F. App'x 54 (6th Cir.), *cert. denied*, 546 U.S. 850 (2005).

White filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on August 7, 2006, *White v. United States*, No. 06-1173-JDT-egb (W.D. Tenn.), arguing, *inter alia*, that his appellate counsel was ineffective in failing to raise a claim under *United States v. Booker*, 543 U.S. 220 (2005). The Government conceded that issue, and the Court granted White's § 2255 motion and set aside the criminal judgment. At a re-sentencing hearing on March 24, 2009, the Court again sentenced White

under the ACCA,[1] imposing a 240-month term of imprisonment and a 3-year period of supervised release. (No. 02-10069, Crim. ECF Nos. 92, 93 & 100.) The Sixth Circuit again affirmed. *United States v. White*, 380 F. App'x 483 (6th Cir. 2010), *cert. denied*, 563 U.S. 911 (2011).[2]

On May 6, 2016, White filed the present § 2255 motion, contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) Counsel was appointed, and the Sixth Circuit subsequently authorized the Court to hear this second or successive § 2255 motion. *In re White*, No. 16-5678 (6th Cir. Oct. 25, 2016).

In *Johnson*, the Supreme Court held the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The decision in *Johnson* later was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

As noted in the Court's order denying White's prior § 2255 motion, *see White v. United States*, No. 11-1380, ECF No. 4 at PageID 35-36, at the time of his re-sentencing it was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Nance*,

---

[1] The Court specifically identified five of White's prior convictions that qualified as ACCA predicate offenses: a conviction for aggravated assault, a conviction for sale of crack cocaine, and three aggravated burglaries as previously mentioned. (No. 02-10069, Crim. ECF No. 100 at PageID 153.)

[2] After the judgment on re-sentencing became final, White again filed a *pro se* § 2255 motion, *White v. United States*, No. 11-1380-JDT-egb (W.D. Tenn.), in which, *inter alia*, he challenged his ACCA-enhanced sentence. While the Court found that White's prior conviction for aggravated assault should not be counted due to the absence of the documentation specified in *Shepard v. United States*, 544 U.S. 13 (2005), relief was denied because at that time he still had four prior ACCA-qualifying convictions. *White v. United States*, No. 11-1380 (W.D. Tenn. Nov. 13, 2013) (ECF No. 4). The Sixth Circuit denied a certificate of appealability. *White v. United States*, No. 14-5096 (6th Cir. July 24, 2014.)

2

481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc). The Court of Appeals held in *Stitt* that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at 862. As a result of that decision, White's three prior Tennessee convictions for aggravated burglary can no longer be used as predicate offenses under either the enumerated offenses clause or the residual clause of the ACCA. Therefore, White no longer qualifies as an armed career criminal and is entitled to relief under § 2255.

White has filed a motion asking that he be granted immediate release from incarceration. (ECF No. 12.) Absent the ACCA enhancement, the maximum prison sentence White could have received was 10 years or 120 months, which he has already served. A status conference with counsel was held on August 9, 2017, and the United States has now filed a response to the motion agreeing that under *Johnson* and *Stitt* White's prior convictions no longer qualify him as an armed career criminal and that, if the Court grants White's § 2255 motion on that basis, an amended criminal judgment should be entered sentencing him to time served. (ECF No. 15.)

Because the ACCA no longer applies to White, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing White to time served and three years of supervised release.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE